IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SANTA ELENA MINERALS IV, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 2:25-cv-845-JHR-KRS |
| ) | |
| CHEVRON U.S.A., INC., ) | |
| ) | |
| Defendant. ) | |

**JURISDICTIONAL SHOW CAUSE ORDER**

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal filed by Defendant Chevron U.S.A. Inc. ("Chevron"). (Doc. 1). On September 9, 2024, Plaintiff Santa Elena Minerals IV, L.P. ("Santa Elena") filed the "Original Complaint To Quiet Title, For Breach of Contract And For Violations of the Oil and as Payment Act" against Chevron in the Fifth Judicial District, Lea County, New Mexico. (Doc. 1-2). Chevron was served on October 1, 2024 (Doc. 1 ¶ 2), and removed the state court complaint to this Court almost eleven months later, on August 28, 2025. Chevron asserts in the Notice of Removal ("NOR") that this Court has subject matter jurisdiction over the state court complaint based on diversity of citizenship, 28 U.S.C. § 1332(a). Having considered the jurisdictional allegations in the NOR, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the NOR fails to allege sufficient facts for the Court to plausibly infer that it has diversity jurisdiction over the matter. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) (the allegations supporting federal jurisdiction in a defendant's notice of removal must satisfy the plausibility standard of pleading). Accordingly, Chevron must show cause why the undersigned should not recommend that the case be remanded to state court. Chevron may do so by filing an amended NOR that adequately alleges diversity jurisdiction. *See Hendrix v. New Amsterdam Cas. Co.*, 390

F.2d 299, 300-02 (10th Cir. 1968) (holding that a notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective, but permitting amendment of notice of removal to cure technical defects in the jurisdictional allegations); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

## **Legal Standard**

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). As the party asserting federal jurisdiction, Chevron bears the burden of pleading and proving subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Typically, the required showing to invoke diversity jurisdiction is satisfied by the removing defendant filing "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87 (quoting 28 U.S.C. § 1446(a)). "At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010). But the existence of federal subject matter jurisdiction must be established on the face of the petition or notice of removal through allegations of *non-conclusory* facts. *See, e.g., Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."); *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521

(10th Cir. 1991) ("To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, … courts must look to the face of the [notice of removal], ignoring mere conclusory allegations of jurisdiction.").

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). But in *Carden v. Arkoma Associates,* 494 U.S. 185 (1990), the United States Supreme Court rejected an argument for extending the citizenship rule for corporations to other types of business entities. *Id.* at 189 ("While the rule regarding the treatment of corporations as 'citizens' [of the state of incorporation and state where the company maintains its principal place of business] has become firmly established, we have (with one [very limited exception inapplicable in most cases]) just as firmly resisted extending that treatment to other entities."). Under long established precedent, diversity jurisdiction in a suit by or against an association or entity other than a corporation depends on the citizenship of all the members of the entity. Thus, "[l]imited partnerships … are citizens of each and every state in which any partner is a citizen." *Suttman-Villars v. Argon Med. Devices, Inc.*, Civ. No. 20-0778 KG/JFR, 2021 WL 4086126, at *2 (D.N.M. Sept. 8, 2021), including both the general and limited partners, *Carden*, 494 U.S. 192 ("We have never held that an artificial entity, suing or being sued in its own

name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.").

### Analysis

The NOR adequately alleges that the amount in controversy requirement is satisfied. It does not, however, allege facts sufficient for the Court to infer that there is diversity of citizenship. Chevron adequately alleges facts showing that it is a citizen of both Pennsylvania and California. (Doc. 1 ¶ 8). It goes on to allege complete diversity with the allegation that Santa Elena is a citizen of Texas. (Doc. ¶ 7). But the NOR fails to allege facts sufficient to support the conclusory allegation that Santa Elena is a citizen of Texas. Santa Elena is a limited partnership, which means that if there is to be complete diversity no partner (limited or general) of Santa Elena can be a citizen of either Pennsylvania or California. The NOR alleges that, on June 12, 2025 when the case was pending in state court, Chevron propounded discovery requesting information about the citizenship of Santa Elena's partner or partners,[1] and that Santa Elena responded to that discovery on August 11, 2025. (Doc. 1 ¶ 6). According to the NOR, "[t]he answers Santa Elena provided in response to Chevron's discovery requests indicate only that Santa Elena is a citizen of the State of Texas." (*Id.* ¶ 7). Chevron fails to provide sufficient detail about Santa Elena's business organizational structure and citizenship. Chevron's mere reference to Santa Elena's response to Chevron's discovery requests without further information is not sufficient. *See Nowell v. Medtronic, Inc.*, No. 19-2073, 2021 WL 4979300, at *1 n.1 (10th Cir. Oct. 27, 2021) (where the court "ordered the Appellees to file a response listing Covidien LP's general and limited partners

---

[1] Santa Elena's original complaint filed in state court alleges only that it "is a limited partnership organized under in the State of Delaware and authorized to conduct business in the State of New Mexico.") (Doc. 1-2 ¶ 1). Being a state-court complaint, it did not allege federal jurisdiction. (*Id.* ¶ 3).

and to provide the information necessary to ascertain the citizenship of each"); *see also Penteco Corp. Ltd. P'ship--1985A*, 929 F.2d at 1521 ("mere conclusory allegations of jurisdiction" are to be ignored).

Although Chevron bears the burden of pleading facts to support federal jurisdiction, it is aided in that task by Federal Rule of Civil Procedure 7.1(a)(2), which states as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

FED. R. CIV. P. 7.1(a)(2).

Santa Elena has not yet filed a corporate disclosure statement as required by Rule 7.1. Accordingly, before Chevron is required to file an amendment to the NOR, Santa Elena will be required to file a corporate disclosure statement, which shall "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." FED. R. CIV. P. 7.1(a)(2), drilling down through each layer of ownership if any partner is itself a business entity for which citizenship is determined by the citizenship of its component members or partners.[2]

---

[2] *See, e.g., Woodward, Inc. v. Zhro Sols., LLC,* No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); T*urner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, Civil Action No. 06–88–A, 2007 WL 2848154, at *4-5 (M.D.

**IT IS THEREFORE ORDERED** that, on or before **September 10, 2025**, Plaintiff Santa Elena Minerals IV, L.P. shall file a corporate disclosure statement complying with the requirements of **Fed. R. Civ. P. 7.1**, including but not limited to **subsection (a)(2)** of that rule.

**IT IS FURTHER ORDERED** that, on or before **September 17, 2025**, Defendant Chevron U.S.A., Inc. must show cause why the undersigned should not recommend that the presiding trial judge remand this action to state court. *See* 28 U.S.C. § 1447(c) ("…. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant Chevron may show cause by filing an Amended Notice of Removal properly alleging all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 2nd day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be ....")).